**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES E. DUNN,

             Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

             Defendant-Appellee.

No.   22-35334

D.C. No. 3:21-cv-05413-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted May 9, 2023[**]
Seattle, Washington

Before: HAWKINS, TALLMAN, and IKUTA, Circuit Judges.

James Dunn appeals the district court's affirmance of the Commissioner of

Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We review the underlying decision of the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

administrative law judge ("ALJ") to determine whether it is based on legal error or not supported by substantial evidence. *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation omitted). We affirm.[1]

The ALJ's decision to assign low weight to the opinion of Dr. Lear (an examining physician) was based on specific and legitimate reasons supported by substantial evidence, including that the opinion was inconsistent with (1) the overall medical evidence in the record, such as the treatment notes—which state that Dunn had "normal gait," "strong neurological functioning of the extremities," "stable postsurgical findings," and no edema, *see Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); (2) evidence of Dunn's activities of daily living, *see Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); and (3) evidence of Dunn's demonstrated ability to concentrate.

The ALJ did not err in assigning low weight to Dunn's testimony because the ALJ offered "specific, clear, and convincing reasons for discrediting [Dunn]'s" testimony. *Garrison*, 759 F.3d at 1010. The ALJ discussed in detail several inconsistencies between that testimony and the record before the Commissioner, including the objective medical evidence presented to the Commissioner, *Smartt v.*

---

[1] Because Dunn's claim for benefits was filed before March 27, 2017, the Social Security regulations and standards as propounded prior to the 2017 amendments apply to this case. *See* 20 C.F.R. § 404.1527.

*Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022), Dunn's reported activities of daily living, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004); *see also Smartt*, 53 F.4th at 500 n.3, and the absence of medical evidence supporting Dunn's stated lack of improvement, diminished memory and concentration, leg swelling, and need for an assistive device.[2]

**AFFIRMED.**

---

[2] Dunn forfeited his remaining arguments "because he did not raise them before the district court." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *see also Smartt*, 53 F.4th at 495 ("We need not consider [claimant]'s remaining arguments, which are waived because [he] raises them for the first time on appeal.").